STEPHEN D. ELY AND JOSEPH A. ELY v. JOSEPH J. ELY.

Argued June 2, 1903—Decided November 9, 1903.

One of several joint creditors may lawfully enter into and consummate an accord and satisfaction with the debtor and thus discharge the debt, and the fact that in making the arrangement he is influenced by kindness toward the debtor is not, of itself, evidence of fraud to defeat the transaction.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs, *Alan H. Strong.*

For the defendant, *Aaron V. Dawes.*

The opinion of the court was delivered by

DIXON, J.   The declaration in this case contains three counts, each alleging a demise by the plaintiffs jointly to the defendant of a farm in Mercer county, at the annual rent of $300, the first count for the year beginning April 1st, 1896, the second for the year beginning April 1st, 1897, and the third for the year beginning April 1st, 1898.   There is also a fourth count, alleging the defendant's indebtedness to the plaintiffs for the use and occupation of a farm and for interest.

At the trial in the Middlesex Circuit the plaintiff Stephen, who is prosecuting the suit, produced evidence tending to show, with regard to the first year, that the plaintiffs owned the farm as tenants in common by virtue of the will of their father, who died in September, 1895; that the defendant, who is the son of the plaintiff Joseph, had been put in possession of the farm, rent free, by his grandfather, the testator; that in December, 1895, the plaintiff Stephen said to the defendant: "I don't want to disturb you before the 1st of April next, but you must pay me thereafter my portion of the rent if you remain on that farm.   I expect you to pay half the rent to me if you occupy the farm," and that on this understanding the defendant continued to occupy the farm, rent free as to his father's share.

These circumstances indicate a liability to Stephen alone, and cannot support any count of the declaration; nevertheless the jury, on the strength of them, included in their verdict for the plaintiffs an allowance of $300 and interest.   This renders the verdict clearly wrong.

For the second year there was a written lease from the plaintiffs to the defendant at the rent of $300, but the defendant having proved the payment of that rent in cash to the plaintiff Joseph, the claim for that year was eliminated by direction of the trial justice.

For the third year, also, there was a similar lease, and respecting the rent for that year the defendant proved that about the end of the year he made an arrangement with his

father to give the latter a horse and a. small sum of money in full satisfaction of the rent, and that accordingly he delivered the horse and money to his father, who accepted the same in satisfaction thereof, and afterwards told Stephen that the rent was paid. The testimony further showed that there were mutual accounts between the plaintiffs for rents collected by each of them for lands which they held in common; that immediately on receipt of the horse the plaintiff Joseph entered upon his account a credit to Stephen for his share of the rent as reserved in the lease, and that Joseph is pecuniarily responsible and ready to answer to Stephen on settlement of their accounts.

On this state of facts the trial justice submitted to the jury the question whether the arrangement between the defendant and his father was made in good faith, and instructed them that if they found it was not they should render a verdict against the defendant for the $300 of rent, less the small sum of money paid. The verdict includes that rent.

The legal right of one joint creditor to enter into and consummate an accord and satisfaction with the debtor, and thus discharge the debt, was adjudged in *Wallace* v. *Kensall,* 7 *Mees. & W.* 264, and *Rawslorne* v. *Gandell,* 15 *Id.* 304. That right was upheld and enforced by this court, also, in *Craig* v. *Hulschizer,* 5 *Vroom* 363. No doubt an attempt to exercise the power fraudulently may be defeated, as in case where the acting party is a creditor in name only and the debtor knows he has no substantial interest in the debt, or where the creditor, being himself irresponsible, seeks, in collusion with the debtor, to discharge the debt without payment. But no such conditions appear in the present case. All that can be said against the strict impartiality of the transaction is that the father was willing to favor his son by accepting property instead of cash, bearing the loss, if any, himself, but fully indemnifying his associate creditor. In that there was no sign of a lack of good faith; there was the mere exercise of a legal right. As Baron Alderson said, in *Phillips* v. *Clagett,* 11 *Mees. & W.* 84: "Where the party

is an interested party and where by the law all persons having a joint interest have a right to release and dispose of the debt, how is his acting on that right which the law gives him as arising out of his interest a fraud?"

We think there was no evidence on which the question submitted could be lawfully decided against the defendant.

In support of this element of the verdict, it is urged that the evidence of accord and satisfaction should not have been admitted under the plea, which tendered only the general issue. This is true; but if, on that account, it had been overruled at the trial, an amendment would probably have been asked for and allowed. The opportunity for such an amendment should not now be foreclosed.

The rule for setting aside the verdict must be made absolute.