JOHN PRATT, DEFENDANT IN ERROR, v. UNION NATIONAL BANK, PLAINTIFF IN ERROR.

Submitted March 27, 1911—Decided June 19, 1911.

1. Under the "Act to provide for and regulate appeals from any District Court in any city of the state to the Supreme Court" (*Pamph. L.* 1902, *p.* 565), the appeal is confined to questions of law; a reversal will not be permitted upon a ground that was not called to the attention of the trial judge, and something in the nature of an objection or exception must appear from the state of the case.
2. The Supreme Court, upon an appeal taken from a District Court under *Pamph. L.* 1902, *p.*, 565, having considered the meritorious legal questions raised, notwithstanding the state of the case presented no question of law upon which the judgment of the District Court could properly be reviewed, and having upon the merits affirmed the decision of the District Court and entered judgment accordingly, denied an application for reargument, which was based in part upon the ground that as the record in the Supreme Court was defective in the respect indicated, a review of the meritorious question in this court would be impossible without an amendment of the record. *Held*, such denial, being plainly a matter of discretion, was not reviewable in this court.

---

On error to the Supreme Court, whose opinion is reported in 50 *Vroom* 117.

For the plaintiff in error, *Theodore W. Schimpf.*

For the defendant in error, *Eli H. Chandler.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. This case originated in the Atlantic City District Court, where judgment was rendered in favor of the plaintiff (now defendant in error). The judgment was removed to the Supreme Court by appeal under the statute (*Pamph. L.* 1902, *p.* 565), and was there affirmed. The record is now brought to this court by writ of error.

Passing an objection to the form of the plaintiff's state of demand in the District Court that if tenable would be obviated by amendment, reliance of counsel for the plaintiff in error in this court is upon the insistence that the judge of the District Court, who tried the case without a jury, ought to have rendered judgment in favor of the defendant. The Supreme Court, at the outset of its opinion, remarked: "That it may well be that the record before us presents no legal questions. There seems to have been no request to find and no objections to the actual finding." The Supreme Court nevertheless considered the questions of law argued, with the result of finding that the judgment was right upon the merits.

An examination of the state of the case that was submitted to the Supreme Court by the appellant (now plaintiff in error), discloses no objection taken in the trial court, nor any question of law there raised upon which the appeal might legitimately be based. It shows no request for specific findings to be made by the trial judge, nor any objection to the findings made by him.

By the statute regulating the matter, and above referred to, review upon such an appeal has reference solely to "the determination or direction of such District Court in point of law or upon the admission or rejection of evidence." In a series of decisions in the Supreme Court it has been declared that the appeal is confined to questions of law, that a reversal will not be permitted upon a ground that was not called to the attention of the trial judge, and that if the appellant's complaint is of the legal principle adopted by the trial judge, something in the nature of an objection or exception must appear from the state of the case. *O'Donnell* v. *Weiler,* 43 *Vroom* 142, 145; *Hanson* v. *Pennsylvania Railroad Co.,*

*Id.* 407; *Burgesser* v. *Wendell,* 44 *Id.* 286, 287; *Katzin* v. *Jenny,* 45 *Id.* 131; *Frisby* v. *Jefferson Council, Id.* 213; *Osborn* v. *Gurtner,* 46 *Id.* 224.

The propriety of this view of the statute was affirmed by this court in *Simmons Pipe Bending Works* v. *Seymour,* 51 *Vroom* 465.

It results that the state of the case submitted to the Supreme Court upon this appeal presented no question of law upon which the judgment of the District Court could properly be reviewed.

After the decision of the Supreme Court, and judgment entered thereon, an application was made to that court by the defeated party, now plaintiff in error, for a reargument, upon various grounds; among others, upon the ground that in fact the question of law relied upon had been raised in the trial court, and that the failure of the state of the case to show this was due to an oversight. The petition for reargument set forth that as the record upon which the case was decided in the Supreme Court was defective in the respect indicated, it would be impossible to obtain a review of the meritorious question by the Court of Errors and Appeals without an amendment of the record; and to this end a reargument was asked in order that it might be had upon the record as thus amended. The application for reargument was denied by the Supreme Court, and this denial, being plainly a matter of discretion, is not reviewable here.

In this state of the record we must decline to review the questions of law that the Supreme Court assumed to have been raised, for the reason that they were not raised by the state of the case in that court.

Therefore, without affirming or denying the soundness of the views expressed by the Supreme Court upon the merits, we conclude that the judgment of that court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 10.

*For reversal*—None.