BROOKS v. ERIE COUNTY SAVINGS BANK.  (No. 284–122.)

(Supreme Court, Appellate Division, Fourth Department.  July 7, 1915.)

1. BANKS AND BANKING ⬚301—SAVINGS BANKS—PRODUCTION OF PASSBOOK —WAIVER.

Banking Law (Consol. Laws, c. 2) § 152, providing, relative to savings banks, that the board of trustees may by their by-laws provide for making payments in cases of loss of passbook, or other exceptional cases where the passbook cannot be produced without loss or serious inconvenience to depositors, does not prevent a savings bank from waiving the production of the passbook as required by its by-laws, and such production may be waived, though the deposit is a joint account, which either of two persons is authorized to withdraw.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1164, 1166–1168, 1172–1176;  Dec. Dig. ⬚301.]

2. BANKS AND BANKING ⬚301—SAVINGS BANKS—PAYMENT OF DEPOSITS— NEGLIGENCE.

Where, under the form of the account, a savings bank was authorized to pay a deposit to either a husband or his wife, no question of fact as to its negligence in paying the deposit to the husband without the production of the passbook was presented, in the absence of any circumstances tending to show that it had knowledge or notice sufficient to put it upon inquiry that the husband was not entitled to draw the deposit.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1164, 1166–1168, 1172–1176;  Dec. Dig. ⬚301.]

Foote and Merrell, JJ., dissent.

Appeal from Erie County Court.

Action by Rita Brooks against the Erie County Savings Bank. From a judgment for plaintiff, and from an order denying defendant's

motion for a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Adelbert Moot and S. Fay Carr, both of Buffalo, for appellant.

Louis Braunlein and James Harmon, both of Buffalo, for respondent.

KRUSE, P. J. [1] Concededly, under the form of the account in question, the defendant was authorized to pay the deposit to either the plaintiff or her husband. I think the rule of the bank permitting the secretary to waive the production of the passbook applies to joint accounts such as this, as well as to that of a single individual, and that the defendant had the right to waive the production of the passbook, as provided by the by-law under which the deposit was made, and that such waiver on the part of the bank is not contrary to the provisions of section 152 of the Banking Law.

[2] I am also of the opinion that, in the absence of any circumstances tending to show that the defendant had knowledge or notice sufficient to put it upon inquiry that the husband was not entitled to draw the deposit, no question of fact was presented as to its negligence. Upon the undisputed evidence, I think it should be held that the defendant was justified in paying the deposit to the plaintiff's husband, and that the defendant's motion to dismiss the complaint should have been granted.

If I am right in this conclusion, it follows that the judgment should be reversed, and the complaint dismissed, with costs, including costs of this appeal. All concur, except FOOTE and MERRELL, JJ., who dissent.

FOOTE, J. (dissenting). Since the defendant's by-law permitting its secretary to "waive the production of the passbook in case of its loss, or where the depositor resides out of the city of Buffalo, or in other exceptional cases where, in the opinion of the secretary, the passbook cannot be procured without loss or serious inconvenience to the depositor" is a form of by-law which is expressly authorized and provided for by section 152 of the Banking Law (chapter 10, Laws 1909); and since that section of the statute provides that "no savings bank shall * * * pay any interest or deposit, or portion of a deposit, or any check drawn upon itself by a depositor unless the passbook of the depositor be produced, and the proper entry be made therein at the time of the transaction," I am of opinion that the by-law in question was not made exclusively for the benefit of the defendant bank, and that it is not a by-law which the defendant can waive. I also think that this by-law was a part of the contract between the plaintiff and the bank in reference to her deposit, upon which she had a right to rely, and that the question of fact as to whether the secretary was authorized to waive the production of the passbook and pay the check without its production was properly submitted to the jury and that their verdict upon that question should not be disturbed.

In view of the instructions of the trial court to the jury, I think

there was no error in the receipt of evidence which should lead to a reversal of the judgment.

The judgment and order appealed from should be affirmed, with costs.

MERRELL, J., concurs.

---

MARKOVICH v. BUFFALO & L. E. TRACTION CO.   (No. 314–161.)

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1915.)

Appeal from Trial Term, Erie County.

