MARJORIE L. DAVIS *v.* CHITTENDEN COUNTY TRUST COMPANY.

(61 A2d 553)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1948.

*J. H. Macomber* and *A. Pearley Feen* for the defendant.

*Hunt & Hunt* for the plaintiff.

BUTTLES, J.   By this action in general assumpsit the plaintiff, a co-owner of a joint savings account in defendant bank, seeks to recover for the alleged wrongful payment of the balance thereof to the other co-owner without presentation of the bank pass book or proof of its loss or destruction as required by the rules of the bank.   As no answer was filed general denial is considered pleaded. P. L. 1574. Trial was by the court, judgment was for the plaintiff and the defendant comes to this court on bill of exceptions.

The findings of the court, not excepted to, disclose thefollowing facts.   The joint owners of the account were husband and wife. The husband, Clayton E. Davis, made some small deposits therein of his own money but the bulk of the account came from the avails of the sale of a house title to which was held by the husband and wife by the entireties, although the money for its purchase had been furnished by the husband.   The bank pass book was in the exclusive possession of the husband until October 14, 1946, when the avails from the sale of the house were deposited.   At that time the husband made two withdrawals, one of which was for the purchase of bonds for their children, leaving a balance of $2000. in the account.   Mr. Davis and the plaintiff had had domestic difficulties and he contemplated going away for an indefinite period. Before leaving the bank on that occasion he handed the pass book for the account to the plaintiff, telling her that as she had nothing on which to support the children and herself she was to use the money in that savings account unless she received money from him.

Printed in this pass book were certain rules of the defendant governing savings accounts, among which were the following:

"Article 4. A depositor, desiring to withdraw money from his deposit, shall present his bank book in order that the payment may be entered thereon, unless satisfactory proof is furnished that such book has been lost or destroyed.

"Immediate notice of the loss of a deposit book should be given the Bank, and the Bank will not be responsible for loss sustained by any depositor, when he has not given notice of the loss of his book, if his deposit should be paid, in full or in part, on presentation of the book by any other person. In all cases, a payment upon presentation of the deposit book shall be a discharge to the Bank for the amount paid."

On the cover of this pass book is printed, "This account not subject to check", and on the inside of the back cover is printed, "This bank book must acompany all withdrawal orders." The plaintiff has had the sole and exclusive possession of the pass book since October 14, 1946.

On November 6, 1946, the plaintiff withdrew $1000. from the account upon presentation of the pass book. At that time she talked with Mason W. Huse, the defendant's assistant treasurer and loaning officer, whose duties with reference to savings accounts are secondary. He was acquainted with the plaintiff's domestic and financial condition. She told him that no further withdrawals should be made from that account without the pass book, and he assured her that money could not be withdrawn without the pass book and instructed the clerks not to permit withdrawals from this account unless the pass book was presented. Which clerks he so instructed does not appear. Plaintiff then believed, because of Mr. Huse's statement and action, that no money could be withdrawn without the pass book but she expressed no wish to change the status of the account and gave no directions in that respect. She permitted it to remain a joint account until she closed it on January 28, 1947. The defendant on some occasions made an exception to its rule requiring presentation of the pass book when a withdrawal was made from a savings account, but it does not appear that the plaintiff knew or ought to have known that such exceptions were made.

On December 9, 1946, Mr. Davis, without having the pass

book or an order signed by the plaintiff in his possession, withdrew $500 from the account. The teller who waited upon him was well acquainted with him and he gave her some reason which satisfied her for not presenting the passbook. She did not consult any officer of the bank about permitting this withdrawal, but took it upon herself to make an exception to the rule.

The plaintiff knew nothing of this withdrawal, except a statement by Mr. Davis which she did not believe, until January 28, 1947, when she presented the pass book at the bank for the purpose of withdrawing $1000. and interest which she thought was the balance remaining in the account. She was then informed of the withdrawal of $500. by Mr. Davis and that withdrawal was entered in the pass book. She was then paid $501.67, the balance of the account as shown by the bank's record, for which amount she signed a withdrawal slip although protesting that this was not the correct amount. It is for the balance of the account as the plaintiff claims it should be that she has brought this action.

■ We have before us for consideration only the defendant's exception to the judgment. While the bill of exceptions recites that the defendant was allowed exceptions to the failure of the court to find as requested and to the failure to amend the findings as requested, such requested findings and amendments showing what the exceptions were and the grounds thereof have never been filed. The bare statement in the bill of exceptions that the exceptions were allowed, without more, presents nothing for review. *Platt Admr.* v. *Shields and Conant,* 96 Vt 257, 266, 119 A 520; *Little* v. *Loud,* 112 Vt 299, 302, 23 A2d 628; *Cook* v. *Holden,* 113 Vt 409, 411, 35 A2d 353. The bill of exceptions also refers to "numerous exceptions" to the admission and exclusion of evidence, but the record does not disclose what exceptions are referred to and no such exceptions are briefed. They are therefore waived. *Bennett* v. *Delphia,* 98 Vt 492, 496, 129 A 234; *White River Chair Co.* v. *Conn. Riv. Pr. Co.,* 105 Vt 24, 35, 162 A 859.

■ The exception to the judgment raises only the question whether it is supported by the facts found. *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628; *Levin* v. *Rouille,* 110 Vt 126, 130, 2 A2d 196.

■ By the weight of authority if a depositor accepts and retains a savings account pass book wherein are printed rules of the bank respecting the repayment of the deposit he is deemed to ac-

quiesce therein, and they become a part of the contract between the bank and the depositor. Annot. 5 ALR 1203; *Gifford* v. *Rutland Savings Bank,* 63 Vt 108, 113, 115, 11 LRA 794, 25 ASR 744; 21 A 340; *Mutual Assur. Co.* v. *Norwich Sav. Soc.,* 128 Conn 510, 24 A2d 477, 139 ALR 829, 833; *Chase* v. *Waterbury Sav. Bank,* 77 Conn 295, 69 LRA 329, 59 A 37, 1 Ann Cas 96; *Ladd* v. *Augusta Sav. Bank,* 96 Me 510, 58 LRA 288, 52 A 1012; *Cosgrove* v. *Prov. Inst. for Savings,* 64 NJL 653, 46 A 617. It has been held that such rules are for the protection of the bank and of the depositor but the two could, by joint agreement or action, waive compliance with them. *Mutual Assurance Co.* v. *Norwich Savings Soc., supra; Candee* v. *Conn. Sav. Bank,* 81 Conn 372, 377, 71 A 551, 553, 22 LRANS 568; *Chase* v. *Waterbury Sav. Bank, supra.*

In *Gifford* v. *Rut. Sav. Bank,* 63 Vt 108, 21 A 340, 11 LRA 794, 25 ASR 744, it is said that a by-law which provides that the bank will not be responsible for loss sustained when a depositor has not given notice of his book's being lost or stolen, if it is paid in whole or in part upon presentation, is a reasonable and proper regulation for the protection of the bank. It is not said that the rule may not also be for the protection of the depositor; and nothing is said about the rule here under consideration. No question of waiver was involved in that case.

The statement has been broadly made by some authorities that the rule requiring the presentation of the bank pass book in requesting a withdrawal of funds from the account can be waived by the bank. It will be found however that the holding to that effect appears usually to have been induced by some unusual circumstances of the case under consideration. In *Mallett* v. *Tunicliffe,* 102 Fla 809, 136 So 346, 137 So 238, 80 ALR 785, it was held that the rule in question was waived by the bank by insisting instead on another rule requiring sixty days notice to the bank of an intention to withdraw funds. This case is cited in 9 CJS 1425 to the statement that according to some authority this rule may be waived. It is the only case cited to a similar statement in 7 Am Jur 445 Sec. 615. In 7 CJ 867 it is stated that the bank may waive production of the pass book, even for a joint account. Cited to this proposition is *Brooks* v. *Erie County Sav. Bank,* 169 App Div 73, 74, 154 NYS 692, Affd. per curiam 224 NY 639, 121 NE 857, in which it appears that there was also a by-law of the bank which permitted its secretary, under certain circumstances, to waive the

production of the pass book. The majority of the court held in favor of the bank, but two of the five judges dissented being of the opinion "that the by-law in question was not made exclusively for the benefit of the defendant bank, and that it is not a by-law which the bank can waive. I also think that this by-law was a part of the contract between the plaintiff and the bank in reference to her deposit, upon which she had a right to rely". Unlike the present case the bank there had no notice or knowledge sufficient to put it on inquiry that the husband was not entitled to draw the money.

*Mercantile Sav. Bk.* v. *Appler,* 151 Md 571, 135 A 373, is much in point. It involves a joint husband and wife account which had been opened by the wife in the name of "Daisy Appler, in trust for herself and Sam'l Q. Appler, joint owners, subject to the order of either, the balance at the death of either to belong to the survivor." The rules printed in the pass book provided that it must be presented when a withdrawal was made and also declared that those rules were a contract between the bank and the depositor. The book was kept and continuously retained by the wife. Domestic trouble having arisen the husband by misrepresentation induced the bank to issue a duplicate book by the use of which he withdrew the entire account and the wife was allowed to recover the amount from the bank. The court said that the question at issue was whether the bank lived up to its contract obligations, and that when it undertook to change the terms of the contract it did so at its own risk.

The contention that in the present case loss, injury or damage to the plaintiff was not shown is answered by the finding that the plaintiff depended on the sum on deposit with the defendant for the support of herself and her two young children.

We hold that the rules printed in the pass book became part of the contract of deposit; that such rules were for the benefit of the depositor or depositors as well as of the bank and they could not be waived by the bank alone. The result is not affected by the fact that this was a joint account and that the person who withdrew the money was one of the depositors. Each of the depositors was a party to the contract and the rule requiring production of the pass book could be waived only by the bank in concurrence with both of them. The same situation in this respect existed here as in *Mercantile Sav. Bank* v. *Appler, supra.*

The judgment was supported by the findings of fact to which we have referred, and the result is *judgment affirmed.*