ELIZABETH C. FORBES, PLAINTIFF, v. FIRST CAMDEN
NATIONAL BANK AND TRUST COMPANY, A CORPORA-
TION OF THE UNITED STATES, DEFENDANT.

Camden County Court
Law Division

Decided June 30, 1952.

134

*Mr. Joseph Tomaselli* for the plaintiff (*Messrs. Malandra & Tomaselli*, attorneys).

*Mr. Walter N. Read* for defendant (*Messrs. Boyle, Archer & Greiners*, attorneys).

SHEEHAN, J. C. C. This matter is before the court on a stipulation of facts which reveals that on November 21, 1946, the plaintiff, Elizabeth C. Forbes, and Clifford H. Forbes, her husband, deposited with the defendant, First Camden National Bank and Trust Company, the sum of $2,000 in joint savings account No. 36723. At that time they signed the signature card, a photostatic copy of which is attached hereto and made a part hereof, and had issued to them a savings account passbook. Photostatic copies of the pertinent

pages of this passbook are also attached hereto and made a part hereof. Thereafter between November 21, 1946 and November 7, 1947, withdrawals were made from said account by the said Clifford H. Forbes totalling $1,600 and the defendant admits that the said Clifford H. Forbes at no time presented the original passbook in making these withdrawals.

On November 7, 1947, the plaintiff, Elizabeth C. Forbes, withdrew the balance remaining in the account, together with accrued interest. All of the withdrawals of the said Clifford H. Forbes and the said Elizabeth C. Forbes are reflected on the account card of the defendant, a photostatic copy of which is attached hereto.

Plaintiff alleges that the payments made to said Clifford H. Forbes without presentation of the passbook were made in direct contravention of the contract between the plaintiff and the defendant, and that the passbook was at all times in the possession of the plaintiff. Defendant alleges that the payments were made in good faith on the exercise of due care in accordance with Regulation D of the Federal Reserve Board and without any affirmative notice from the plaintiff or from any other person not to pay the said funds to the said Clifford H. Forbes.

The plaintiff did not notify the defendant in writing that the payments to Clifford H. Forbes were improperly made until July 26, 1951, although such payments were entered in the passbook November 7, 1947.

The relationship in law thus established was one of debtor and creditor with the rights and liabilities of the parties determined by the provisions, express or implied, of the contract between them. This is not only the general view but has been, from the earliest judicial consideration, the law in this State. *Shippers v. Kempkes,* 67 *A.* 1042, affirmed 72 *N. J. Eq.* 948 (*E. & A.* 1907). There the Court of Errors and Appeals adopted the language of the vice-chancellor below in an opinion delivered orally from the bench, in which the following appears:

> "The transaction between a depositor and a bank is often very incorrectly described. It is really a loan of money. It is not a deposit at all. The bank does not receive the money on the deposit, in the strict legal sense of the term. The bank borrows the money, becomes the owner of the money, and becomes charged with a contractual obligation to repay an equal amount of money at a future time in accordance with the terms of the banker's contract."

In this instance the terms of the contract are expressed in the signature card which incorporates by reference the rules and regulations of the depository bank. These rules with respect to withdrawals provide that any part or all of the savings deposit may be withdrawn upon the presentation of the passbook and the signing of a withdrawal receipt. In addition to the rule itself prescribing the method of withdrawals, an appended writing appears in bold type under the heading "Important Notice" the following words:

> "No payment will be made unless the check or order thereof is accompanied by the passbook of the withdrawing depositor."

Some effect is also argued for the last of the savings account rules which states that they are subject to change so as to conform to the regulations of the Federal Reserve Board. This body has established as a regulation of savings accounts a policy that permits withdrawals in only two ways:

> "Either (1) upon presentation of the passbook through payment to the person presenting the passbook, or (2) without presentation of the passbook, through payment to the depositor himself ＊ ＊ ＊."

The significance however, of this regulatory provision is dubious since it involves no change or alteration of the method already consistently set forth in the bank's agreement with its depositors. The basis upon which, fundamentally, the defendant resists this claim is that it had the unilateral right to waive the requirement set up by itself that withdrawals could be made upon presentation of the passbook. This contention was treated in the case of *Brooks v. Erie County Savings Bank,* 169 *App. Div.* 73, 154 *N. Y.* 692 (*A. D.* 1915), where a divided court held that without a

showing of such notice that would put the bank upon inquiry that a joint depositor's husband was not entitled to draw upon the fund, the wife could not recover any monies paid to him without the production of the passbook. In a dissenting opinion two of the judges declared:

"* * * that the by-law in question was not made exclusively for the benefit of the defendant bank, and that it is not a by-law which the defendant can waive (it) was a part of the contract between the plaintiff (wife) and the bank in reference to her deposit, upon which she had a right to rely."

More recently and in another jurisdiction a like situation was treated by the Maryland Court of Appeals in the case of *Mercantile Savings Bank, etc., v. Appler*, 151 *Md*. 571, 135 *A*. 373 (1926). There the court observed the bank's heavy reliance upon the *Brooks* case and, after declaring that distinguishing factors appeared in the case before it said:

"But even if there were no differences in the facts, and the reasoning of the New York Court was clearly applicable, we would not feel at liberty to adopt it in the present case."

While there was a variation of facts in the case under consideration from those obtaining in the New York case, it would seem that there the circumstances were more equitably weighted in favor of the bank. The husband had, after his estrangement, gone to the bank, reported that the original passbook had been lost and obtained a new book. When this was presented later with a request for withdrawal, payments were made thereunder.

Both the *Brooks v. Erie County Savings Bank* case and the *Mercantile Savings Bank v. Appler* case were cited in the most recent decision involving similar circumstances. *Davis v. Chittenden County Trust Co.*, 115 *Vt*. 349, 61 *A*. 2*d* 553 (*Vt. Sup. Ct.* 1948). A unanimous court there held:

"The rules printed in the passbook became part of the contract of deposit; that such rules were for the benefit of the depositor or depositors as well as of the bank and they could not be waived by

the bank alone. The result is not affected by the fact that this was a joint account and that the person who withdrew the money was one of the depositors. Each of the depositors was a party to the contract and the rule requiring production of the passbook could be waived only by the bank in concurrence with both of them. The same situation in this respect existed here as in *Mercantile Savings Bank v. Appler.*"

A waiver usually contemplates the voluntary relinquishment of a benefit to which one is entitled or the doing of an act which is in and of itself inconsistent with the claim to such benefit. When it is asserted in circumstances which were brought into existence as the result of an agreement or contract to which the claimant was a party, it must be supported by independent consideration. In treating with this latter facet of the term *Williston on Contracts, sec.* 679 (1) states that a waiver may be:

"An agreement for sufficient consideration, made as part of or in substitution for an obligation previously made and still unperformed, which provides for a performance different from or substituted for that to which the parties were bound and entitled by the original obligation. This should be called a collateral promise or substituted contract or accord, which rescinds rather than waives the inconsistent terms of the prior obligation."

Measured against this refinement in definition the act of the defendant bank assumes the nature of an attempted rescission so far as the plaintiff is concerned, because under the terms of the explicit and even specially emphasized notice she was confirmed in the assurance that the funds owed to her by the bank could not be withdrawn even by her joint depositor as long as she had the passbook in her possession. The resort to a claim of waiver in such circumstances cannot be effective where it appears that it is supported only by a unilateral or gratuitous assumption that the privilege of requiring the presentation of the passbook inured to the benefit of the bank alone.

The next point raised is that the plaintiff is barred by the limitation provision set down in *R. S.* 17:9A–227 which provides that:

"No banking institution shall be liable to a depositor for any payment * * * of money from the depositor's account * * * if payment is made upon presentation of the passbook * * * unless within two years * * * the depositor shall notify the banking institution in writing."

Not only is it clear from the plain language of the statute that it is not applicable under the stipulated fact that payment in this instance was made without the presentation of the passbook, but some force might be inferentially supplied by it to the plaintiff's contention that the effect of the failure to require one withdrawing funds to present the passbook removes the bank from the favored position to which it is entitled both by its own rules and under the legislative policy of the State when its disbursal of funds was made without the production of the one tangible fact that testified to the title of the person demanding payment of the debt.

A judgment will be entered for the plaintiff in the amount of $1,600.