25 N.J. Super. 17 (1953)
95 A.2d 416
ELIZABETH C. FORBES, PLAINTIFF-RESPONDENT,
v.
FIRST CAMDEN NATIONAL BANK AND TRUST COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1953.
Decided February 26, 1953.
*19 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Joseph Tomaselli argued the cause for the respondent (Messrs. Malandra & Tomaselli, attorneys).
Mr. F. Morse Archer, Jr., argued the cause for the appellant (Messrs. Boyle, Archer & Greiner, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff and her husband had a savings account in the defendant bank. The signature card shows:
"We hereby agree to the rules and regulations of First Camden National Bank and Trust Company.
This account and all money to be credited to it belong to us as joint tenants, and will be the absolute property of the survivor of us; either, and the survivor to draw."
*20 Among the rules printed in the passbook was,
"Withdrawal of all or any part of a Savings deposit may be made upon presentation of the pass book and the signing of a withdrawal receipt."
Below the rules was printed in boldface:

"IMPORTANT NOTICE
No payments will be made unless the check or order thereof is accompanied by the passbook of the withdrawing depositor."
Between December 23, 1946 and September 18, 1947 plaintiff's husband withdrew from the account $1,600 without presenting the passbook. On November 7, 1947 the plaintiff appeared at the bank with the passbook and had entered therein the several payments that had been made to her husband. She then drew out the balance remaining, $400, besides a little interest.
Four years later, October 24, 1951, plaintiff began her action against the bank, alleging the foregoing facts, and also that the passbook had always been in her possession. She obtained judgment for $1,600, the amount of her co-depositor's withdrawals.
She does not allege that she owned any part of the money that was paid to her husband. But as between joint owners of a savings account, there is a presumption that each owns a half interest therein. Steinmetz v. Steinmetz, 130 N.J. Eq. 176 (Ch. 1941); Stout v. Sutphen, 132 N.J. Eq. 583 (Ch. 1943). On that basis, plaintiff owned $1,000 of the deposit, received $400, and would be entitled to judgment against her husband for $600, with an interest adjustment. But there seems no plausible argument to support a recovery by plaintiff in a larger sum, even against her husband.
Let us consider whether the plaintiff was entitled to any judgment at all against the bank.
The relation between a depositor and a bank is one of creditor and debtor, and their rights and liabilities *21 depend upon the contract between them. The signature card contains the primary terms of the agreement, but rules printed in the passbook are a part of the contract. Schippers v. Kempkes, 67 A. 1042 (Ch. 1907), affirmed 72 N.J. Eq. 948 (E. & A. 1907); Cosgrove v. Provident Institution for Savings, 64 N.J.L. 653 (E. & A. 1900). Other statements in the passbook, which reasonable persons would consider binding, also enter into the contract. The defendant bank argues that the "Important Notice" is not part of the contract; that it was a warning,  Don't expect the bank to make any payments except on presentation of the passbook. It seems to us more than that, and to constitute part of the agreement. The bank also stresses the particular words used in the rule we have quoted and in the notice,  "withdrawal receipt," "check or order." We do not, however, consider the choice of these words to be significant. The rights of the parties ought not depend on fine shades of meaning. Savings accounts are owned by thousands of our fellow citizens, each of whom has signed a card much like this one, without close study of the words printed on the card itself or in the rules. The instruments before us were drafted by the bank and in case of ambiguity should be construed most strongly against it. Moses v. Edward H. Ellis, Inc., 4 N.J. 315 (1950); McAllister v. Century Indemnity Co., 24 N.J. Super. 289 (App. Div. 1953). We take the contract to mean that the bank will pay upon presentation of the passbook and will not pay if the book is not presented. This construction harmonizes with the common understanding of the owners of savings accounts and with our decisions relative to gifts of savings accounts. Borthwick v. Skurzynski, 139 N.J. Eq. 520 (Ch. 1947), affirmed 141 N.J. Eq. 363 (E. & A. 1948).
The bank also urges that, even if the contract has the meaning we have indicated, the stipulation that the bank would not pay if the book were not presented, was inserted for the sole benefit of the bank and could be effectively waived by the bank. Brooks v. Erie County Savings Bank, 169 App. Div. 73, 154 N.Y.S. 692 (1915), affirmed 224 *22 N.Y. 639, 121 N.E. 857 (Ct. App. 1918). Contra are Mercantile Sav. Bank v. Appler, 151 Md. 571, 135 A. 373 (Ct. App. 1926) and Davis v. Chittenden Co. Trust Co., 115 Vt. 349, 61 A.2d 553 (Sup. Ct. 1948). Unless the stipulation was clearly intended by the parties to benefit one side only, both parties should be considered to have an interest in its fulfillment. By virtue of this agreement a depositor might rest assured that if he was careful not to lose the passbook, his money in the account was safe. The provision could not be waived by the unilateral action of the bank.
The bank further urges that a waiver by the bank and one of two joint depositors is effective. There can be little or no doubt but as between the debtor bank and Mr. and Mrs. Forbes as creditors, the latter were joint obligees. Their right against the bank was joint and not several. See Williston, Contracts § 325. The bank did not owe $1,000 to Mr. Forbes and $1,000 to his wife; it owed $2,000 to the two of them. "This account and all money to be credited to it belong to us as joint tenants." Now, it is the general rule that each of several joint obligees has power to discharge the entire claim by release, or accord and satisfaction, or the acceptance of payment or other performance. Thus in Ely v. Ely, 70 N.J.L. 31 (Sup. Ct. 1903), one joint creditor, acting without the knowledge or consent of his co-obligee, accepted from the debtor a horse and a small sum of money in satisfaction of the debt; and the court held that the obligation to both creditors was discharged. To a like effect are Restatement, Contracts, § 130; Williston, Contracts, § 344; and Annotation in 142 A.L.R. 371. Professor Williston, at § 317, finds an implied agency whereby each obligee is empowered to act for all in relation to the debt.
In our opinion, payment by the bank of $1,600, part of the debt, to plaintiff's husband, operated as a satisfaction of the debt pro tanto; just as the later payment to plaintiff satisfied $400 of the debt. The power of the husband as a joint obligee to release the debt included the minor power to waive production of the passbook; he had a power on behalf of both obligees to accept the money without producing *23 the passbook, just as he had a right to accept a cashier's check instead of insisting on legal tender.
There appears still another reason why the judgment must be reversed. Although the plaintiff received from the bank on November 7, 1947 a detailed statement of the account, she does not appear to have made any objection to it until July 26, 1951. A bank depositor, on receiving from the bank a statement of his account, owes to the bank a duty to examine the account with reasonable dispatch and with reasonable care, and to inform the bank of any errors discovered therein. Pratt v. Union National Bank, 79 N.J.L. 117 (Sup. Ct. 1909), affirmed 81 N.J.L. 588 (E. & A. 1911). And if he fails to do so, the account will be treated as an account stated. Pannonia Building & Loan Ass'n. v. West Side Trust Co., 93 N.J.L. 377 (E. & A. 1919). It is true that an account may be corrected for fraud or mistake. Wilbur v. Win, 89 N.J. Eq. 278 (Ch. 1918).
"Where there is an omission of some item or an error in computation or in the amount of an item in a statement of account, the duty to pay the stated sum can be avoided by a party who has assented thereto in ignorance of the omission or error, unless in justifiable reliance on the statement of account the other party has materially changed his position." Restatement, Contracts, § 422.
In the present case, there was no fraud and no mistake. Mrs. Forbes knew, of course, as soon as she glanced at the account, that the bank had made payments to her husband, although he had not presented the passbook, for she had not let it out of her possession. Her failure to object is strong evidence that the account is correct and that plaintiff, at the time of the payments to her husband, was willing that the bank should pay him the money.
Judgment reversed, with direction that final judgment be entered for the defendant.
JAYNE, J.A.D. (concurring).
I also conclude that the judgment should be reversed and judgment final be entered *24 in favor of the defendant. Rules 1:4-9 (b); 4:4-6. I decline to unite in the conviction that the husband as a co-depositor of the joint savings account possessed the implied authority to waive for his wife the express contractual provision that no withdrawal would be made from the joint account without the production of the passbook.
I am induced to concur in the result of the majority opinion because I believe that the evident circumstances constitute undisputed proof of an account stated.