PER CURIAM.
The plaintiff, Jerry A. Kramer, appeals a summary final judgment for the defendant, First National Bank of Homestead, in an action to recover money in a joint savings account, alleged to have been wrongfully paid to the joint depositor, in violation of the bank rule that the passbook must be presented for all withdrawals. The answer of the bank contained the following affirmative defense:
"As an Affirmative Defense, the Defendant would show as follows, to wit:
“1. Said account was in the name of Plaintiff and her daughter, Karon A. Kramer, as joint tenants in joint tenancy with right of survivorship; that the funds were disbursed to Karon A. Kramer pursuant to her personal demand; that Sections 656.33 and 659.29, Florida Statutes [F.S.A.], provide that payment to one of joint depositors serves and operated as a release to the bank. Sections 656.32 and 659.28, provide that a minor can withdraw funds.
“2. That Defendant obtained the usual printed statement from-Karon A. Kramer, attesting to the fact that said passbook had been lost, strayed or stolen.
“3. Attached hereto and incorporated herein by reference thereto, is a true photostat of the following items, to wit: the passbook certification by Karon A. Kramer, the signature card showing joint ownership, and affidavit from Helen C. Ripley, sister of Plaintiff.
“4. That if Plaintiff is successful it will represent unjust enrichment.”'
The legal sufficiency of the defense was not tested by motion.
Both plaintiff and defendant moved for summary judgment. The bank submitted affidavits which established that plaintiff was in the hospital and on the seriously ill list. Her daughter, who was the joint depositor and a minor, was left in the care of an aunt. The defendant bank paid the money on deposit to the joint depositor-daughter and the aunt upon a representation that the passbook was lost, and that the money was necessary for the emergency care of the child.
We do not reach the question of whether the rule relative to passbooks could be waived by the bank and one joint depositor. See cases collected at 62 A.L.R.2d 1109. The defendant, having established without genuine issue of material fact its affirmative defense in the nature of an equitable defense, was entitled to judgment. See § 52.20, Fla.Stat., F.S.A.
Affirmed.