PER CURIAM.
Bernardo Miranda appeals a $3,020.52 final judgment entered for Fidelity National Bank of South Miami in an action to recover overdrawn funds from a savings account.
Bernardo and Martha had two joint savings accounts of $3,100.82 and $106.45 respectively at the Fidelity National Bank. In June 1974 marital difficulties developed and on Friday, June 28, Martha went to the Bank to withdraw the funds from these accounts. Although she did not have the passbooks, she received a bank officer’s authorization to make her withdrawals, leaving $5 in each account. At this time the Bank was in the process of transferring from the use of passbooks to a computerized system. As a result, information as to a balance in a savings account was temporarily unavailable and when Bernardo appeared at the Bank on July 2 with the passbooks, he was permitted to withdraw $3,020.52. Upon discovery of this overdrawal, the Bank sued Bernardo to recover the money. The cause was decided by the trial judge upon submission of a statement of facts agreed to by the parties. A judgment for $3,020.52 was entered in favor of the Bank, and Bernardo perfected this appeal. We affirm.
*75 Bernardo’s contention that the language in the passbook requiring it to be presented at the time of withdrawal is contractual in nature and if payment is made without presentation then the Bank is subject to liability for any possible mistake, is without merit in that such a requirement is waivable. See 4 Fla.Jur. Banks and Trust Companies § 279 (1969) ; Mallett v. Tunnicliffe, 102 Fla. 809, 136 So. 346 (1931); Kramer v. First National Bank of Homestead, Fla.App.1964, 163 So.2d 341. The Bank waived this requirement as the rules provided that a depositor may withdraw funds without presentation of the passbook if the prior approval of a bank officer is obtained.
Further, the record demonstrates that in her deposition Martha testified that on the day of her withdrawal she apprised Bernardo that she had made the withdrawal several hours earlier, and in his deposition Bernardo admits Martha may have so informed him. Thus, we find no error in the entry of the judgment for the Bank. See 4 Fla.Jur. Banks and Trust Companies § 253 (1969).
Affirmed.