BADDERS *v.* PEOPLES TRUST COMPANY ET AL.

[No. 29,520. Filed February 11, 1957.]

*Walter F. Wood, (deceased),* of Sullivan, for appellant.

J. *Raymond Powell, Kern G. Beasley,* both of Linton, and *Rex E. Poe,* of Jasonville, for appellees.

LANDIS, J.—This case involves the question of the liability of a bank to one joint depositor when the bank has paid out the entire amount of savings account to the other joint depositor without presentation of the passbook required by the bank's rules to be produced before withdrawals are made.

According to appellant's complaint, the following facts appear and the same are admitted by appellees' demurrer, to-wit: Appellant brought this action against appellee Peoples Trust Company (hereinafter referred to as appellee bank) and appellee Everett Badders, to recover the entire amount of a joint savings account, principal and interest, which appellant had opened in 1940 in the amount of $2,163.35, and which he had added to in subsequent deposits until July 1952, when the account totaled $6,738.89. Appellant was issued a passbook by appellee bank upon which appeared the

names "Clinton S. Badders [appellant herein] or Everett Badders or survivor." Immediately below such words appeared the following:

"In account with Jasonville Branch, Peoples Trust Company, Jasonville, Indiana. This book must be presented when money is deposited or withdrawn, and semi-annually for interest entries. Subject to the rules and regulations of this bank."

The passbook also contained certain rules and regulations of appellee bank, including Rule two, as follows:

"A Savings Account is not subject to check and the pass book must be presented when withdrawals are made."

It is further alleged that prior to May 1, 1953, appellee bank, without appellant's knowledge or consent, paid out the amount of the account to the other joint depositor, appellee Everett Badders, who received the same without presentation of the passbook; that appellant made demand upon appellee bank for the amount of the account, plus interest, before the bringing of suit, which demand was refused.

Appellee bank and appellee Everett Badders filed separate and several demurrer to the complaint for insufficient facts. Appellee bank contended therein it was relieved from liability pursuant to Burns' Statutes, §18-2001, 1950 Replacement, providing as follows:

"When a deposit is made in any bank or trust company, in the names of two [2] persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, or any interest thereon may be paid to either of such persons, whether the other be living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to such bank or trust company for any payment so made."

Appellee Everett Badders contends he was relieved of liability as the right to withdraw the deposit from

the bank depended on contract, and not upon ownership of the particular fund.

The lower court sustained the demurrer to the complaint, and appellant has assigned such ruling as error upon this appeal.

The question of a bank's liability to one joint depositor when it pays out the account to the other joint depositor without presentation of the passbook required by its rules, appears never to have been considered in the reported decisions of this state, and is, therefore, a matter of first impression.

One of the earlier cases from other jurisdictions considering the question before this court was *Brooks* v. *Erie County Savings Bank* (1915), 154 N. Y. S. 692, 169 App. Div. 73, (affirmed *per curiam,* 1918), 224 N. Y. 639, 121 N. E. 857.) In the cited case husband and wife were joint depositors and the bank paid out the account to the husband without presentation of the passbook required by its rules. The court (in a three to two decision) denied the wife's claim against the bank, placing considerable reliance in the opinion upon another rule of the bank which permitted the secretary to waive production of the passbook.

The case of *Forbes* v. *First Camden Nat. Bank & Trust Co.* (1953), 25 N. J. Super. 17, 95 A. 2d 416, involved a joint savings account between husband and wife in a bank whose rule stated: "No payment would be made unless . . . accompanied by passbook." The husband drew out the money without passbook, and four years after withdrawals were entered in the wife's passbook she sued the bank for these sums. On appeal, the Superior Court (2 judges) held that bank being a debtor, and the husband and wife joint obligees, payment to one spouse satisfied the debt to both, the court saying: "The power of . . . [one] joint obligee to re-

lease the debt included minor power to waive production of the passbook." One judge concurred in the decision on the ground that the wife's delay in objecting constituted proof of an 'account stated' and prevented her from bringing suit thereafter.

The remaining cases coming to the court's attention, and involving comparable facts to the case before us, either allowed recovery against the bank upon a joint account or denied relief, depending upon whether the by-laws or rules concerning production of the passbook were complied with. The first is the case of *Savings Bank* v. *Appler* (1926), 151 Md. 571, 135 Atl. 373, which involved a joint savings account opened by husband and wife in 1920. The wife retained possession of the passbook which contained a regulation requiring the passbook to be brought to the bank every time a deposit or withdrawal was made. In 1923 the husband went to the bank and stated he had been unable to find his passbook, whereupon the bank gave him a duplicate and he thereupon made a deposit of $10.00 One month later he drew out the entire amount of the account. Notice of the closing of the account was mailed to the wife shortly afterwards, but not until two months later did the wife come to the bank and present the original passbook and demand the money. The court affirmed the wife's recovery of the amount of the account from the bank and said at page 375, 135 Atl.:

". . . it seems to be obvious that the relation here was simply that of debtor and creditor, and that the rights of the parties depended upon the terms of the contract between them. [Citing cases] And it is universally held that reasonable rules and by-laws of a savings bank become, when assented to by the depositor, part of the contract between them, and the depositor has a right to rely on these rules and by-laws. [Citing cases] And a provision requiring the production of the passbook when deposits or withdrawals are to be made is quite

customary, and has frequently been held reasonable and enforceable by the courts." (Citing cases)

The court distinguishes the *Brooks* case (1915), *supra,* in view of the rule of the bank allowing the secretary of the bank to waive the rule as to production of the passbook.

The case of *Christensen* v. *Ogden State Bank et al.* (1930), 75 Utah.478, 286 Pac. 638, involved a suit by an alleged surviving joint owner of a savings account against the bank for the amount of the account. The party bringing the suit was not in possession of the passbook although the by-laws printed in the passbook required its presentation before payment could be made to the depositor. The court held this was necessary before recovery could be had, and reversed the judgment for plaintiff, and at page 643 of 286 Pac., said:

"Not only the bank, but . . . [the deceased joint-depositor], while living, and his executor since his demise, may well reply on the express terms of the contract of deposit."

The court here held that even though the bank waived presentation of the deposit book by changing the ledger account (when an additional name was added to the account), such waiver by the bank could not bind the deceased joint depositor.

The case of *Davis* v. *Chittenden County Trust Co.* (1948), 115 Vt. 349, 61 A. 2d 553, allowed the co-owner of a joint savings account possessing the passbook to recover the entire balance of the account from the bank although the bank had previously paid out part of the account to the other co-owner without presentation of the passbook required by the rules.

The closest case to the case at bar which has come to our attention is the recent case of *La Valley* v. *Pere Marquette Employes' Credit Union* (1955), 342 Mich.

639, 70 N. W. 2d 798. Here plaintiff deposited over a period of years his savings with defendant credit union which was in the banking business, and some years later (in 1947) plaintiff changed the account to a joint and survivorship account with his son. The son thereafter drew out the account without presenting the passbook which, according to the by-laws, had to be surrendered before money could be paid. Defendant credit union contended the Michigan statute applicable to banking institutions (C. L. 1948, §487.703, Stat. Ann. 1953 Rev., §23.303), and which is similar to the Indiana statute in the case before us, providing that payment to one of the co-owners of a joint account discharges the payor's obligation in said case, is decisive of the question before the court. The Michigan court held otherwise, however, and allowed the father-depositor to recover from the credit union the amount of his savings account which had been paid out in violation of the obligation to require surrender of the passbook.

It is the unquestioned general rule in Indiana and elsewhere that the rules printed in the passbook of a banking institution presented to a depositor opening an account with the bank constitute a contract between the bank and the depositor. *Sindlinger* v. *Dept. of Financial Institutions* (1936), 210 Ind. 83, 199 N. E. 715, 105 A. L. R. 501; *Hefling* v. *Public Nat. Bank of New York* (1927), 128 Misc. 762, 219 N. Y. S. 479; *Kelly* v. *Chenango Valley Sav. Bank* (1897), 22 App. Div. 202, 47 N. Y. S. 1041; *Savings Bank* v. *Appler* (1926), *supra*, 151 Md. 571, 135 Atl. 373.

Appellees do not dispute the proposition that the rule of the bank requiring production of the passbook was a valid contractual provision, but appellees contend the provision was not binding upon appellees in this case as it was waived. Waived by whom, we query? Appellees

in their brief contend the passbook requirement was waived by one side of this lawsuit, to-wit: by the two defendants-appellees against whom this suit was brought. Is this a waiver? Waiver has been defined as the voluntary and intentional relinquishment of a known right.[2] To countenance a waiver by the bank and one joint depositor, to the financial profit and advantage of the waiving joint depositor, but to the detriment of the uninformed joint depositor, would put a high premium on fraud and invite the violation of contracts for personal gain. Fortunately, appellees' contention of unilateral waiver is repudiated by the cases. See: *La Valley* v. *Pere Marquette Employes' Credit Union* (1955), *supra,* where it is stated at page 801, 70 N. W. 2d:

"We should add that we have given consideration, also, to the proposition that a depositor and a banking institution may expressly or impliedly waive a provision requiring the production of a passbook. It must be observed, however, that in the case at bar we are not dealing simply with one obligee and his bank. These two parties may, of course, contract as they see fit. *We are dealing with three persons.* In such a situation, absent proof of agency, *one party cannot 'waive,' for the other, a contractual provision running to each and of equal benefit to both.* The matter was squarely ruled upon in the case of *Davis* v. *Chittenden County Trust Co.,* 115 Vt. 349, 354, 61 A. 2d 553, 554, which, like the case at bar, was an action 'in general assumpsit (by which) the plaintiff, a co-owner of a joint savings account in defendant bank, seeks to recover for the alleged wrongful payment of the balance thereof to the other co-owner without presentation of the bank pass book or proof of its loss or destruction as required by the rules of the bank.' In holding for the plaintiff the court concluded with these words:

2. Black's Law Dictionary, 4th ed., 1751; Ballantine's Law Dictionary, p. 1351.

" 'We hold that the rules printed in the pass book became part of the contract of deposit; . . . . *Each of the depositors was a party to the contract and the rule requiring production of the pass book could be waived only by the bank in concurrence with both of them.*' " (Emphasis supplied.)

Appellees' cited case of *Candee* v. *Connecticut Savings Bank* (1908), 81 Conn. 372, 71 Atl. 551, 22 L. R. A. (N. S.) 568 is no authority for a waiver by the bank and one joint depositor without the consent of the remaining joint depositor. The case did not involve a joint account at all but simply indicates a provision of the bank's by-laws could be waived by all the parties, to-wit: the holder of the individual account and the bank.

As to appellee bank's contention that the bank was relieved from liability under the statute[3] as to joint accounts previously set out herein providing:

". . . such deposit . . . may be paid [by the bank] to either of such persons . . . , and the receipt or acquittance of the person so paid shall be ██ a valid and sufficient release and discharge to such bank or trust company for any payment so paid."

the statute does not prevent the bank by contract from enlarging its liability if it sees fit to do so. The rules of the bank voluntarily adopted by it become a valid agreement or contract between the bank and its depositors when an account is opened and the passbook is issued pursuant thereto with the printed rules set forth in the passbook. If any ambiguity arises in the construction of the rules printed in the passbook, under the settled authorities, such doubts are to be resolved against the person drafting and printing such rules

---

3. Burns' Ann. Stat., *supra.*, §18-2001, 1950 Replacement, being Acts 1943, Ch. 7, §1, p. 13.

which constitute the contract. *Lechner* v. *Strauss* (1912), 50 Ind. App. 414, 424, 98 N. E. 444; *Beck, etc., Co.* v. *Evansville Brewing Co.* (1900), 25 Ind. App. 662, 669, 58 N. E. 859; Restatement of the Law of Contracts, §236 (d), p. 327; 12 Am. Jur., Contracts, §252, p. 795.

If the bank has inadvertently adopted rules objectionable to it, or which it believes are not advantageous to it in conducting the business of banking and serving the public, it can, of course, take such steps as it deems advisable to amend or revise its rules; but such rules as were in force and effect and were printed in the passbook, including the rule involved in the case before us, became a matter of contract between the parties, and being entirely lawful in their nature, were entitled to full compliance by the parties thereto.

As a cause of action against appellee bank has accordingly been stated as against the demurrer of appellee bank, by the allegations of the complaint, it is necessarily our conclusion that the action of the lower court was erroneous in sustaining the bank's demurrer.

Appellee Badders has made contention herein that appellant's complaint was demurrable as to him "because the right to withdraw deposits from a bank depends upon contract and not upon ownership of the fund." Without conceding the correctness of the rule of law enunciated by him, this is unavailing. As this opinion indicates, the account was drawn out without compliance with the rule of the bank printed in the passbook requiring its presentation before payments would be made. This rule, being a matter of contract between the parties, appellee Badders cannot now properly assert a right under a contract when he has not seen fit to abide by the contract he would now like to invoke.

As the sustaining of the several demurrer of both appellees has been demonstrated to have been error, the judgment of the trial court is reversed, with directions to overrule the demurrer to appellant's complaint.

Achor, C. J., Bobbitt and Emmert, JJ., concur.

Arterburn, J., not participating.

NOTE.—Reported in 140 N. E. 2d 235.