Evelyn WELCH, Appellant,

v.

NORTH HILLS BANK, a Corporation,
Respondent.

No. 25128.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Motion for Rehearing and/or Transfer to Su-
preme Court Denied June 2, 1969.

Application to Transfer Denied
July 14, 1969.

Bruce G. Heavner, Clifford N. Jarrett, Kansas City, for appellant.

James T. Seigfreid, Arlyn D. Haxton, Kansas City, for respondent; Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, of counsel.

HOWARD, Presiding Judge.

This is a suit wherein appellant seeks to recover from respondent bank the amount it permitted to be withdrawn by her fellow joint depositor, from two joint savings accounts without presentation of the pass book. Trial to the court resulted in a judgment for respondent and appellant has duly appealed to this court. We shall refer to the parties as they appeared below.

Since this is an appeal from a court tried case, we review on both the law and the evidence as in suits of an equitable nature. Civil Rule 73.01, V.A.M.R. The decision turns on the question of the proper construction of the written contract of the parties and therefore there is no question of deference to the opportunity of the trial court to judge the credibility of the witnesses.

On December 8, 1960, the plaintiff, who was a resident of the state of Louisiana, went to the North Hills Bank in Clay County, Missouri, in company with her brother, Louis Werner, and his wife, Patricia Ann Werner. Plaintiff desired to open an account which could be used for the education of her niece in the event of plaintiff's prior death. This niece was the daughter of her brother, Louis Werner. Because the niece was a little girl about four years old, the account was in fact opened in the name of plaintiff and her sister-in-law, Patricia Ann Werner. Both plaintiff and Mrs. Werner signed the signature card at the bank in the presence of each other. The bank delivered the pass book for this account to plaintiff, who deposited $7,650.00 of her own money in the account. No other deposit was ever made in this account.

On April 5, 1962, a second joint savings account in the name of plaintiff and Patricia Ann Werner was opened at the North Hills Bank. In this instance, plaintiff sent the necessary pass book, etc., to her brother and sister-in-law to enable them to withdraw $5,000.00 from another bank and open this second savings account in de-

fendant bank. The signature card was mailed to her in Louisiana where she executed it and mailed it back to the bank. The signature card also bears the signature of Patricia Ann Werner. The pass book for this account was mailed to plaintiff. No other deposits were ever made in this account.

On June 13, 1961, Mr. and Mrs. Werner executed a promissory note in the amount of $4,500.00 to the North Hills Bank. On this note it is indicated that Savings Account Number 3461 (the first account opened by plaintiff) is collateral for the loan. On April 17, 1962, a second note to the North Hills Bank in the amount of $4,000.00 was executed by Mr. and Mrs. Werner. Collateral for this note was Savings Account Number 4654 (the second account opened by plaintiff). Mrs. Werner testified that she signed both notes in blank at her home and had no knowledge that the savings accounts were pledged as collateral.

On June 13, 1962, both notes were marked "paid". On this date, $4,567.50 was withdrawn from plaintiff's first account to pay off the first note and on the same date, $4,038.00 was withdrawn from plaintiff's second account to pay off the second note. In each case interest owed on the date of payment was added to the principal of the note. Two savings department withdrawal receipts are in evidence, each signed by Pat Werner. These were used to effectuate the withdrawals from plaintiff's two accounts. Mrs. Werner admitted that these were her signatures but testified that she had no memory of ever signing the withdrawal receipts and that she was not present at the bank on June 13, 1962, when these transactions took place.

It is admitted that the pass books were not presented to the bank at the time of these withdrawals. The evidence is that plaintiff had each of the two pass books in her possession at all times and that neither Mr. or Mrs. Werner ever had possession of the pass books. It is plaintiff's claim that the bank violated its contract with her when they permitted withdrawal from these two savings accounts without presentation of the pass books and that because of such violation the bank is liable to her in the amount of such withdrawals.

Each signature card signed by plaintiff and Patricia Ann Werner when these two accounts were opened has the following printed thereon:

> "The undersigned hereby agree each with the other and with North Hills State Bank, Kansas City, Missouri, that all sums heretofore or hereafter deposited by them, or either of them, with said bank to their credit as joint depositors, shall be owned by them jointly with right of survivorship, and be subject to the check or order or receipt of either of them, or the survivor of them, and payment hereof shall discharge said bank from liability to either, or the heirs, executors, administrators or assigns of either. Each of the undersigned does hereby authorize the other to endorse his or her name on all checks or other evidences of indebtedness, and authorizes said bank to cash or purchase such instruments upon such endorsements, and does further authorize said bank to deposit in said joint account, with or without endorsement, all checks and drafts made payable to the undersigned, or either. *We jointly and severally agree to the rules and regulations as set forth in the savings pass book issued to us.*" (Emphasis added)

We here point out that the memorandum opinion of the trial court ignores the last sentence of this agreement as italicized above. Further, defendant's contentions are based primarily upon a like disregard for this final sentence.

The rules referred to in the last sentence of the language on the signature card are the rules and regulations as set forth in the savings pass book issued to plaintiff for each account. These rules and regula-

tions provide among other things as follows:

"3. All depositors shall be required to sign their names on signature cards of the Bank. They thereby signify their assent to the rules and regulations which are now or may hereafter be in force. * * *"

"4. Every person opening a Savings Account shall receive a pass book which is the receipt to the depositor for his deposits. This book *should* be presented each time a deposit is made, and *must* accompany any withdrawal check or receipt, which must be signed by the person to whom the book is issued. * * *"

"5. Depositors shall have the right to make withdrawals at any time on presentation of an order or receipt accompanied by the pass book. This provision is subject to the laws of the State of Missouri, relating to savings banks and safe deposit institutions.

* * * * * *

"Every payment made by the Bank with the exercise of reasonable care to any person presenting this pass book shall be deemed a good and valid payment and shall relieve the Bank from all liability to the depositor or his representatives, for the amount so paid."

* * * * * *

"8. Payments on any account standing in the name of two or more depositors will be made only in accordance with the special agreement signed by said depositors and on file with the Bank." (Emphasis added)

 It is appellant's contention that the last sentence on the signature card incorporates the rules and regulations of the bank into the contract between herself and the bank and Patricia Ann Werner. With this we must agree. It is fundamental that matters incorporated into a contract by reference become as much a part of that contract as if they had been set out in haec verba in the contract. See Wyatt v. Commercial Credit Corporation, Mo.App., 341 S.W.2d 348; Prentice v. Rowe, Mo.App., 324 S.W.2d 457; State ex rel. Central States Life Insurance Company v. McElhinney, 232 Mo.App. 107, 90 S.W.2d 124; and City of St. Louis v. St. Louis Gaslight Co., 70 Mo. 69, 94.

 If this last sentence had not appeared upon the signature card, we would agree that the preceding language constituted an explicit contract authorizing the bank to pay out from a joint account to either of the joint depositors and that either such depositor by his receipt for such withdrawal could give complete acquittance to the bank. However, the last sentence makes the rules and regulations part of the contract and we must determine the liability of the bank by ascertaining the intention of the parties as set out in the contract as a whole, which includes such rules and regulations. As quoted heretofore the rules and regulations repeatedly require that the pass book must be presented before a withdrawal can be made. Paragraph 4 of the rules states: "This book *should* be presented each time a deposit is made, and *must* accompany any withdrawal check or receipt * * *" (Emphasis added) By the third subparagraph of Paragraph 5, the bank specifically provides that its payments to persons presenting the pass book shall relieve it from liability. The first subparagraph of paragraph 5 conditions the right of a depositor to make a withdrawal on the presentation of the pass book in addition to an order or receipt. Defendant argues that the last sentence of the subparagraph "This provision is subject to the laws of the State of Missouri, relating to savings banks and safe deposit institutions" takes away the effect of the first sentence and has the effect of relieving the bank from liability if the statutes have been complied with. We cannot agree with this contention. The statutes do not purport to prohibit such contractual provisions as we have here.

In addition to the provisions of the rules above quoted, the envelope in which each pass book was enclosed when the bank gave it to plaintiff states: "This Book MUST be presented when Money is deposited or withdrawn." The word "must" is in larger type than the rest of the sentence. Further, on each savings department withdrawal receipt signed by Pat Werner appears the following language in bold type "PASS BOOK MUST ACCOMPANY THIS RECEIPT."

■ The parties argue as to whether or not the circumstances here in evidence demonstrate that the two accounts were owned by plaintiff and Patricia Ann Werner as joint tenants with right of survivorship. It is clear that under the express terms of the agreement contained on the signature card and under the provisions of Section 362.470, RSMo 1959, V.A.M.S., these two accounts were jointly owned and that there was a right of survivorship between the co-depositors. However, this is not determinative of the question. It is conceded that each party had a right to make withdrawals from these accounts if the contractual conditions precedent were complied with. The question is: what were these conditions; what must be done before either depositor had a right to make withdrawals? Plaintiff contends that under the contract of deposit, neither party had a right to withdraw unless and until the pass book was presented. We are in agreement with this contention.

Section 362.470, RSMo 1959, V.A.M.S., was amended in 1967. The provisions of this section as it appeared prior to such amendment are applicable to the case at bar, and before such amendment, this section read:

"When a deposit shall have been made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit thereupon and any additions thereto made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the lifetime of both, or to the survivor after the death of one of them; and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposit prior to the receipt by said bank of notice in writing signed by any one of such joint tenants not to pay such deposit in accordance with the terms thereof."

■ Defendant argues that since Patricia Ann Werner was a joint depositor in each of the accounts here in question and since the withdrawal from each account was made upon the receipt of Patricia Ann Werner, the provisions of this statute have been completely and explicitly complied with and therefore, as provided in the statute, " * * * payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank * * *." Since the provisions of the agreement on the signature card correspond almost exactly to the provisions of this statute, we could agree with this argument of the defendant if it were not for the fact that the last sentence of the agreement on the signature card specifically makes the rules and regulations of the bank a part of the contract between the two depositors and the bank. As heretofore indicated, this statute does not purport to govern the contract which the bank can make with its depositors. It does not by its terms or by implication prohibit the bank from making a contract with provisions different from the statute. We must therefore decide this case on the basis of the contract entered into by the parties. The decision is not governed by this statute.

In support of its contention, defendant relies upon Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817. That case dealt with a checking account. There was no indication that the regulations of Commerce Trust Company required the presentation of a pass book as a condition to a withdrawal and the issue presented to the court was whether or not oral evidence was admissible to vary the terms appearing on the signature card prepared by Commerce Trust Company which coincided with the provisions of Section 362.470. In that case, the supreme court held that such oral evidence was not admissible to vary the terms of such a clear and unambiguous contract. Since in the present case we are not concerned with an attempt to vary the terms of a written contract by oral evidence, the Watts case is not applicable.

Defendant also relies upon the decision of the Illinois Court of Appeals in Speasl v. National Bank of Decatur, 37 Ill.App.2d 384, 186 N.E.2d 84. In that case a mother and her daughter opened a joint account in 1953. In August of 1959 the mother withdrew all of the money from the account. In October of 1959, the daughter, having learned of the mother's withdrawal, appeared at the bank and withdrew the balance then standing in the account. Thereafter, the daughter each month withdrew the balance in the account, which balance represented monthly payments from an escrow account. At the time of each withdrawal, the daughter signed her name on the ledger sheet, acknowledging that the balance shown in the account was correct. This continued until her mother died on May 28, 1961. On June 27, 1961, the daughter filed suit against the bank to recover the amount withdrawn by her mother because she did not present the pass book. The Illinois Court held for the bank on two bases: (1) that although the rules of the bank required the presentation of the pass book at the time of any withdrawal, the Illinois statute (differing from Section 362.470, supra) exonerated the bank for payments made on receipt of one joint depositor, and (2) that the daughter had ratified the mother's withdrawal by her repeated acknowledgments that the balance shown on the ledger sheet was correct and by her failure to complain of her mother's withdrawal within a reasonable length of time after she knew thereof. We think that the holding of the Illinois court under (2) was undoubtedly the real basis for the decision. In any event, the reasoning of the court in reaching its conclusion in (1) is not persuasive.

We believe that the reasoning contained in Badders v. Peoples Trust Company, 236 Ind. 357, 140 N.E.2d 235, 62 A.L.R.2d 1103, and the cases cited therein, is more persuasive and is applicable to the case at bar.

Defendant argues that the rules and regulations of the bank were purely for its protection and convenience and the requirements thereof could be dispensed with by the bank at will. Such concept is incorrect. The authority on which this argument is based concerned a single depositor, not a joint account, and of course both (all) parties to a contract can waive the provisions thereof. By the signature card, the wording of which was prepared by the bank, the rules and regulations were made a part of the contract between the two co-depositors and the bank. Each one of the three parties had a right to rely thereon and a right to hold the other parties to compliance therewith. Two of the parties to a three-party contract cannot waive the rights of the third party under the contract. It is clear from the evidence that plaintiff did not waive any rights that she had. In this instance, the bank patently failed to comply with the provisions of its rules and regulations which required the presentation of the pass book in order for a depositor to be entitled to make a withdrawal from the savings deposits in question. Such action constituted a breach of the contract of deposit and as a consequence the bank is liable to plaintiff in the amount of the withdrawal permitted in violation of the contract. See Badders v.

Peoples Trust Company, supra, and cases cited therein.

The judgment of the trial court is therefore reversed and this cause is remanded with directions to enter a judgment for plaintiff and against the defendant bank in the aggregate amount of the withdrawals shown by the evidence, plus such interest as she may show herself entitled to.

All concur.