364 So.2d 1256 (1978)
Carolyn GRAY, f/k/a Carolyn Y. Smart, Appellant,
v.
LANDMARK UNION TRUST BANK OF ST. PETERSBURG, N.A., Formerly Union Trust National Bank of St. Petersburg, Appellee.
No. 78-823.
District Court of Appeal of Florida, Second District.
December 1, 1978.
*1257 Leonard S. Englander, St. Petersburg, for appellant.
Martin Errol Rice of Harris, Green, Piper, Davenport, Nelson & Rice, St. Petersburg, for appellee.
PER CURIAM.
Appellant Carolyn Gray appeals an order dismissing her complaint against appellee bank for failure to state a cause of action. After careful review, we have reached the conclusion that the trial court acted properly.
In her complaint appellant alleged that she and Eleanor M. Young opened a savings account with appellee and that appellee issued only one passbook to the two of them. This passbook contained the following language:
2. The depositor must present this passbook together with a written order, to be entitled to withdraw funds.
Appellant further alleged that she had continuous possession of the passbook, but that on June 16, 1977, appellee wrongfully paid the entire balance of the account, which amounted to $5,145.48, to Miss Young, thereby depriving appellant of these funds.
In its order granting the motion to dismiss, the court ruled that Section 659.29, Florida Statutes (1977),[1] relieved appellee of liability to appellant since it had paid the funds in the account to appellant's co-depositor. We think the court was correct is so holding. A reading of Section 659.29 demonstrates that it is clearly designed to protect a bank from liability to a depositor in situations where, as here, it pays funds from a joint account to a co-depositor.
Appellant argues that the clause in the passbook requiring presentation of the passbook for withdrawal of funds expanded appellee's liability so as to make it answerable to her for the funds it gave to Miss Young. In support of this contention she cites Badders v. Peoples Trust Company, 236 Ind. 357, 140 N.E.2d 235 (1957).
We have read the Badders case, and we find that it does indeed hold that a clause requiring presentation of a passbook makes a bank liable to a depositor for payments made to a co-depositor who does not present the passbook even where there is a statute which otherwise relieves the bank of liability for payments to a co-depositor. We do not choose to follow Badders, however, because in our judgment passbook presentation clauses are for the purpose of preventing payment to one who is not a depositor and may be waived by the bank. The clauses are not meant to protect a depositor against withdrawals by a co-depositor. *1258 To hold otherwise would place a heavy burden on a bank to mediate between co-depositors, and this is one of the burdens which the legislature sought to remove by enacting Section 659.29.
Accordingly, we affirm the order of the trial court dismissing appellant's complaint.
GRIMES, C.J., and HOBSON and SCHEB, JJ., concur.
NOTES
[1] Section 659.29 provides that,

Deposits in Two or More Names.  Bank or trust company deposits, or any part thereof, or any interest therein made in the names of two or more persons, payable to either, or payable to either or the survivor, and deposits made to an account standing in the names of two or more persons payable as hereinabove-mentioned, may be paid to, or pursuant to the order of, either or any of said persons or to, or pursuant to the order of, the guardian of the property of any such person who is incompetent, whether the other or others be living or not and whether the other or others be competent or not; and the check or other order for payment of any such person, or the receipt or acquittance of the person so paid, shall be a valid and sufficient release and discharge to the bank or trust company for any payment so made.