HALL, Judge.
The plaintiff sued the defendant bank for allowing his ex-wife to withdraw $5,900 from a joint passbook savings account established by the couple without requiring presentation of the passbook as authorization for the withdrawal as required by bank rules and regulations. The trial court found the bank liable to the plaintiff for the unauthorized disbursement and the defendant bank appealed. We affirm.
The following matters were stipulated at trial. The plaintiff and his ex-wife opened the joint passbook savings account on March 1, 1979. A passbook, filed into evidence, was issued. A signature card, filed into evidence, was signed authorizing either party to withdraw funds from the account. On March 19, 1982, Marsha Graves, plaintiff’s ex-wife, withdrew $5,900 from the passbook account. At the time of this withdrawal, Marsha Graves did not present the passbook or have the passbook in her possession. The bank does not contend that she had plaintiff’s permission to make the withdrawal. It was further stipulated that, if the disbursement in question was improper, the plaintiff should recover the entire $5,900.
The account was styled “Kenneth or Marsha Graves.” The signature card authorized the bank to recognize either signature in payment of funds from the account. The card also provides that it is mutually agreed and understood that the account is opened subject to the bank’s rules and regulations governing savings accounts, and receipt of a copy thereof was acknowledged.
The savings account passbook issued to the Graveses contains printed “Rules and Regulations”, including the following:
“5. Depositors can withdraw money personally and by written order when their signature is on file at the Bank, but in all cases the Pass Book must accompany such order, so that proper entry can be made when money is withdrawn.”
The passbook also contains the following printed declarations, prominently displayed:
“No payments can be made or money withdrawn without presentation of this book.”
“BOOK MUST ALWAYS BE PRESENTED WHEN YOU DEPOSIT OR WITHDRAW MONEY”
The issue presented is whether the bank is liable to one joint depositor for amounts withdrawn by the other joint depositor *124 without presentation of the passbook as required by the rules and regulations of the bank.
The plaintiff argues that the rules and regulations of the bank are part of the contract between the bank and its depositors, and payment by the bank to one of the joint depositors without presentation of the passbook in violation and breach of its contract renders it liable to the other joint depositor for the amount wrongfully disbursed.
The defendant bank argues that the purpose of the rule requiring presentation of the passbook is to prevent payment to one who is not a depositor and may be waived by the bank. The defendant further argues that the bank is relieved of liability to a depositor for payment to a co-depositor under the express provisions of LSA-R.S. 6:32 A.[1]
The precise issue is one of first impression in Louisiana, although it has been presented on a number of occasions in other jurisdictions, with varying results. The excellent briefs submitted by counsel for both parties review the cases from other states. The plaintiff cites and relies on Badders v. Peoples Trust Company, 236 Ind. 357, 140 N.E.2d 235, 62 A.L.R.2d 1103 (Ind.1957); Haseman v. Union Bank of Mena, 262 Ark. 803, 562 S.W.2d 45 (1978); Keokuk Savings Bank & Trust Company v. Desvaux, 259 Iowa 387, 143 N.W.2d 296 (1966); La Valley v. Pere Marquette Employes’ Credit Union, 342 Mich. 639, 70 N.W.2d 798 (1955); Davis v. Chittenden County Trust Co., 115 Vt. 349, 61 A.2d 553 (1948); Stillings v. Citizens Bank of Ava, 637 S.W.2d 401 (Mo.App.1982); Miranda v. Fidelity National Bank of South Miami, 334 So.2d 74 (Fla.App. 3rd Dist.1976); Mercantile Savings Bank v. Appler, 151 Md. 571, 135 A. 373 (Md.App.1926). The defendant cites and relies on Gray v. Landmark Union Trust Bank of St. Petersburg, 364 So.2d 1256 (Fla.App. 2d Dist. 1978); Coristo v. Twin City Bank, 257 Ark. 554, 520 S.W.2d 218 (1975), rehearing denied 522 S.W.2d 417; Forbes v. First Camden Nat. Bank & Trust Co., 25 N.J. Super. 17, 95 A.2d 416 (1953); Brooks v. Erie County Sav. Bank, 169 App.Div. 73, 154 N.Y.S. 692 (1915), affirmed without opinion 224 N.Y. 639, 121 N.E. 857.
In well-considered and expressed written reasons for judgment, the trial court adopted the rationale of the Badders case as the better rule of law, holding that the bank rule requiring presentation of the passbook amounted to a contract between the bank and the depositors which could not be waived by the bank and only one of the joint depositors, that the statute does not prevent the bank and its depositors from contracting to enlarge the bank’s liability beyond the provisions of the statute, and that the payment in violation of the contract rendered the bank liable for the amount disbursed. We agree.
The Badders decision is accurately summarized in an annotation, “Liability of bank to joint depositor of savings account for amounts withdrawn by other joint depositor without presentation of passbook”, 62 A.L.R.2d 1109, as follows:
“A savings bank was held liable in Badders v. Peoples Trust Co. (1957) 236 Ind 357, 140 NE2d 235, 62 ALR2d 1103, to a joint depositor having possession of the passbook for a savings account the entire amount of which was paid out to the other joint depositor without presentation of the bankbook, where it was stated within the book that the book was required to be presented when money was deposited or withdrawn, and that the account was subject to the rules and regulations of the bank, one of which *125 was that a savings account was not subject to check and that the passbook must be presented when withdrawals were made, even though a statute provided that a bank is discharged by payment to either one of two persons having an account payable to either, or payable to either or the survivor. Stating that it was the unquestionable general rule that the rules printed in the passbook of a banking institution presented to a depositor opening an account with the bank constitute a contract between the bank and the depositor, the court took the position that the above statutes did not prevent the bank from enlarging its liability by contract if it saw fit to do so. The court also rejected a contention that the contractual provision in question was not binding upon the bank and the joint depositor to whom it paid out the funds on the ground that these two parties had waived the passbook requirement, stating that waiver had been defined as the voluntary and intentional relinquishment of a known right, and that to countenance a waiver by the bank and one joint depositor, to the financial profit and advantage of the waiving joint depositor, but to the detriment of the uninformed joint depositor, would put a high premium on fraud and invite the violation of contract for personal gain.” Id. at 1110.
The Gray case relied on by the defendant is a per curiam decision of the Florida intermediate appellate court. That court chose not to follow Badders, holding that a passbook presentation clause is for the purpose of preventing payment to one who is not a depositor and may be waived by the bank. It was held that such a clause is not meant to protect a depositor against withdrawals by a co-depositor. To hold otherwise, the court stated, would place a heavy burden on a bank to mediate between co-depositors, and this is one of the burdens which the legislature sought to remove by enacting the statute relieving the bank of liability. The Florida statute was substantially the same as LSA-R.S. 6:32 A.
The Badders rationale is more persuasive. The rule requiring presentation of the passbook is a contract between the bank and both depositors, and a waiver of the contractual requirement would require the concurrence of all parties to the contract. It cannot be waived by the bank and only one of the co-depositors.
It is not necessary or appropriate to search for hidden or unexpressed purposes underlying the contractual rule requiring presentation of the passbook. The requirement is clear and express, and is stated prominently in three places in the passbook. Each party is bound by the contract and, in turn, is entitled to rely on the express contractual provisions.
The parties seem to agree that, absent the contractual requirement, where an account is in the names of multiple depositors, LSA-R.S. 6:32 A. protects the bank from liability to one joint depositor for payment made to another joint depositor. The statute does not, however, insulate a bank from liability to a joint depositor for payment made to another joint depositor contrary to and in breach of its express contract with the joint depositors.
Beals v. City National Bank, 329 So.2d 828 (La.App. 1st Cir.1976), writ refused, 332 So.2d 863 (La.1976), cited by defendant, lends no support to defendant’s position. The holding of that case is that under LSA — R.S. 6:66 and 6:32 A. a bank may make payment of funds in a joint savings account to a deceased depositor’s legal heirs recognized as such by a judgment of possession without liability to a surviving depositor. The case did not involve presentation of a passbook pursuant to a contractual rule of the bank requiring presentation in order to make a withdrawal.
Pursuant to the stipulation of the parties that if the disbursement is found to be improper the plaintiff is entitled to recover the full amount of the disbursement, the judgment of the trial court in favor of plaintiff for that amount is correct, and is affirmed at defendant-appellant’s costs.
Affirmed.

. LSA-R.S. 6:32 A.:
"A. When a deposit is made in any bank, savings bank or trust company under the names of two or more persons, payable to any one of such depositors, this deposit or any part of it, or any interest or divided on it may be paid to any one of such depositors, whether the other depositor or depositors be living or not, and the receipt or acquittance of the person paid is a full release and discharge of the bank, savings bank or trust company as to any heir, legatee, creditor or other person having rights or claims to funds of such deceased depositor for any payment made; .... ”