564 So.2d 213 (1990)
Michael C. HERIAN, Appellant,
v.
SOUTHEAST BANK, N.A., Appellee.
No. 89-1759.
District Court of Appeal of Florida, Fourth District.
July 11, 1990.
John F. Phillips, Fort Lauderdale, for appellant.
*214 W. Wyndham Geyer, Jr. and Steven R. Verbit of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This case had its genesis in a landlordtenant dispute. The landlord-appellant entered into a lease in 1983 which provided that an interest bearing account was to be opened in the names of the landlord and tenant in the amount of $10,000, said sum to be paid by the tenant as a security damage deposit. The lease provided that the interest from the account would be payable to the tenant, and that the $10,000 would serve as liquidated damages should the tenant default in his obligations.
The two went to Southeast Bank and met with a bank employee, informing her of the purpose of the CD. She issued a "Receipt for Certificate No. 1118107", which stated that it certified that there had been deposited $10,000 for a nonnegotiable, nontransferable certificate of deposit, payable to the landlord and tenant. It contained the clause:
I/We have read and understand the conditions of the disclosure statement, including the description for the penalty for early withdrawal. By signing below, the depositor(s) indicate agreement with the conditions and receipt of their copy of the disclosure statement.
The landlord, tenant, and employee signed the receipt for certificate. This "receipt" remained solely in the possession of the landlord and was never surrendered.
The "Certificate of Deposit Disclosure Statement" referred to by the receipt contained the clauses:
This bank agrees to pay the amount shown hereon, plus accrued interest at the rate indicated, to the registered holder, or, if more than one, to either or any of said registered holders or the survivor, or survivors, upon maturity or at subsequent maturity dates as herein provided, according to the terms and conditions herein described.
* * * * * *
The depositors, if more than one, agree that such Certificate shall be payable to either or the survivor and that the survivor shall be the sole owner thereof. Each depositor is agent of the other to give or receive any notice or to take any other action affecting such Certificate including but not limited to the right to receive the full proceeds on surrender of the Certificate, and each depositor may pledge the Certificate for his or her joint or sole obligation(s). (Emphasis added).
The landlord understood that there would have to be a surrender of the "certificate," and the bank officer assured him that the tenant could not walk in and withdraw the money without surrendering the certificate. However, the money was returned to the tenant without any surrender of the certificate and the landlord brought suit against the bank because of improper payment.
The landlord's testimony that he was told the money could not be withdrawn without surrender of the certificate is unrebutted. The language in the disclosure statement is meaningless unless the receipt is considered the certificate itself. No other document or writing was issued. An interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect. Belen School, Inc. v. Higgins, 462 So.2d 1151 (Fla. 4th DCA 1984). The certificate of deposit and accompanying disclosure statement was a contract which must be interpreted to give effect to the mutual intention of the parties at the time of contracting. See Downing v. First Bank in Claremore, 756 P.2d 1227 (Okla. 1988). We distinguish Gray v. Landmark Union Trust Bank of St. Petersburg, N.A., 364 So.2d 1256 (Fla. 2d DCA 1978) on the basis that the surrender language there was a rule printed in a passbook, and the language there was more clearly a clause for the benefit of the bank rather than to protect a depositor against withdrawals by a co-depositor. Here, the disclosure statement containing the presentation of certificate requirement was clearly *215 a contract, signed by the bank's employee and both the landlord and tenant. The certificate itself contained a clause, signed by all three, acknowledging agreement with the conditions of the disclosure statement. Further, the landlord testified as to his reliance upon the presentation provision. See Beizer v. Financial Savings & Loan Association, 172 Cal. App.3d 133, 218 Cal. Rptr. 143 (1985).
We, therefore, reverse and remand with directions to enter judgment in favor of appellant.
REVERSED AND REMANDED.
LETTS, DELL and STONE, JJ., concur.