## Dunlap
### v.
### Bank One, Youngstown, N.A.
*[Cite as 2 AOA 340]*

*Case No. 88-C-53*
*Columbiana County, (7th)*
*Decided March 29, 1990*

R.C. 1107.08

*For Plaintiff-Appellant: John Orr Beck, Esq., 26 N. Park Avenue, Lisbon, Ohio 44432.*

*For Defendant-Appellee: Mark R. Frost, Esq., 11 South Main Street, Columbiana, Ohio 44408.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Columbiana County, Ohio, from a summary judgment granted in favor of defendant-appellee, Bank One, Youngstown N.A., fka Bank One of Eastern Ohio, N.A. Plaintiff-appellant, Marjorie K. Dunlap, filed a complaint against the appellee bank, alleging that it had failed to honor five certificates of deposit, in the total principal amount of $80,000, when appellant had properly presented them for payment.

Leslie C. Dunlap was married to appellant, Marjorie K. Dunlap. Leslie was the father of Lois Dunlap by a previous marriage. On August 27, 1984, Leslie Dunlap purchased three certificates of deposit from the appellee bank in the amounts of $20,000, $20,000, and $10,000, respectively. On the face of each of these certificates it was stated that the issuance was subject to all laws and regulations of the Federal Deposit Insurance Corporation, The Board of Governors of the Federal Reserve System and Bank One. All three certificates were issued payable to "Leslie Dunlap or Margie Dunlap or Lois J. Dunlap."

On November 16, 1984, Leslie Dunlap purchased another certificate with his funds, this time for $10,000, and had it issued in the names of "Leslie or Margie or Lois J. Dunlap."

Finally, on September 23, 1985, Leslie Dunlap bought a fifth certificate in the amount of $20,000, which was payable to "Leslie C. Dunlap or Margie K. Dunlap or Lois J. Dunlap."

Each of the last two certificates purchased contained the same language on the face, referring payees to applicable law and regulations, including regulations of the appellee bank, and, further, had additional terms on the back which stated that these certificates were to be a joint account with right of survivorship.

Leslie Dunlap died testate on April 25, 1987, at his residence in Florida. Appellant, Marjorie Dunlap, was appointed as his executrix pursuant to the terms of his will by the Florida probate court. No estate has ever been filed in Ohio.

On June 1, 1987, Lois Dunlap appeared at the Salem branch of the appellee bank and sought to cash in all five certificates of deposit (CD'S) in the total amount of $80,000 plus interest. At that time, she executed an affidavit and indemnity agreement indicating that the original certificates had been lost or destroyed and agreeing to hold appellee harmless in any damage occasioned by the payment of money to her. Appellee paid out the principal of the CD's by check to Lois Dunlap.

Sometime later, Marjorie Dunlap appeared at the appellee bank with the certificates and

demanded that she be paid. Appellee refused, stating that all monies had already been paid to Lois J. Dunlap. As a result of this refusal, appellant filed her complaint against appellee.

Appellant sets forth one assignment of error, as follows:

"The trial court erred in finding that defendant was entitled to judgment as a matter of law upon motion for summary judgment."

Under this assignment of error, appellant argues that a motion for summary judgment should not be allowed if there is a genuine issue of material fact and all doubts as to the existence of such an issue must be resolved against the party moving for summary judgment, citing Ohio Civ. R. 56 as to summary judgment. Thereupon appellant argues that the intent of Leslie Dunlap as to the type of account, whether it was tenants in common or joint account with right of survivorship, was a genuine issue; whether or not the appellee bank was negligent in its actions; whether or not appellee followed good banking practices. Appellant also listed what she called other facts which appellant believes were genuine issues to be determined.

The trial court, in granting appellee bank's motion for summary judgment, found that the appellee acted properly when it cashed the certificates for Lois Dunlap who was a person named in the certificates as being a person to whom the certificates were payable. The trial court cites to R.C. 1107.08(A), which protects banks in this type of a situation. That statute reads:

"When a deposit is made in the name of two or more persons, payable to either, or the survivor, such deposit or any part thereof, or any interest thereon, may be paid to either of said persons, or the guardian of his estate, whether the other is living or not, and the receipt or acquittance of the person paid is a sufficient release and discharge of the bank for any payments so made."

The trial court noted that the purpose of the statute is to absolve the bank of the responsibility of having to investigate each and every situation where two or more people are named on the joint account and one seeks to cash the account. It further noted that the statute is clearly designed to relieve the bank of having to investigate the ownership of CD's or the funds in the CD's before they are cashed. The trial court stated that the appellee bank is

entitled, by the statute, to rely on the face of the certificate that indicates who the payable parties are. The trial court concluded that it would not be commercially feasible for a bank to investigate each and every withdrawal. The trial court pointed out that a statute and the regulations of the bank facilitate the ability of the parties to hold property in joint accounts. For these reasons the trial court granted appellee's motion for summary judgment.

Under the facts of the instant case, we agree with the trial court's determination. The mere fact that appellant had possession of these certificates raises no liability on the part of the appellee bank. As the Summit County court of appeals said in *Kristofik* v. *Bank One, Akron, N.A.* (1986), 34 Ohio App. 3d 104:

"The possession of a joint certificate of deposit by the nondepositor is merely evidence of one of the 'realities of ownership' and is not conclusive as to whether the bank erred in paying the proceeds of the certificate to the depositor upon completion of an affidavit declaring the certificate to be lost."

The *Kristofik* ruling was consistent with the Ohio Supreme Court ruling in the case of *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433, which also held, in paragraph 2 of the syllabus:

"Sums remaining on deposit at the death of a party to a joint and survivorship account belong to the surviving party or parties as against the estate * * *. If there are two or more surviving parties, their respective ownerships during their lifetimes shall be in proportion to their previous ownership interests * * *."

In the instant case, appellant can claim no contribution and, therefore, cannot claim any ownership interest superior to that of the payee, Lois Dunlap.

The liabilities of the appellee bank are governed by the terms of the contract, which are represented by the certificate of deposit and bank regulations. If there was any doubt as to the appellee's liability, it would be removed by the mandates of R.C. 1107.08(A).

For the foregoing reasons, we overrule appellant's assignment of error and accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P. J., Concurs.
COX, J., Concurs.